**RENSSELAER POLYTECHNIC INSTITUTE, Plaintiff–Appellant,**

v.

**VARIAN, INC., Defendant–Appellee.**

**No. 07–5155–cv.**

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

Michael E. Ginsberg, (Jonathan G. Schopf, on the brief), Sampson, Ginsberg & Griffin, P.C., Troy, NY, for Appellant.

Robert A. Barrer, Hiscock & Barclay, LLP, Syracuse, NY, for appellee.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Rensselaer Polytechnic Institute ("RPI") appeals from: (i) a judgment and order of the district court entered October 18, 2007, denying RPI's motion for summary judgment, dismissing its complaint, and permitting Defendant–Appellee Varian, Inc. ("Varian") to retain $367,000 (already in its possession) as damages, and (ii) from the district court's order on reconsideration, entered June 26, 2008, 2008 WL 2562001, granting summary judgment in favor of Varian and affirming the damages award. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the district court's summary judgment decision *de novo*. *See Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir.2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■■■ *Existence of the Contract.* RPI argues that the district court erroneously concluded that a contract to purchase a nuclear magnetic resonance spectrometer existed between RPI and Varian. "To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir.2004) (quotations omitted). We agree with the district court's conclusion that the parties'

respective behavior in October 2003—including the exchange of signed forms and the deposit by RPI of $900,000—evinced agreement, and an intent to be bound, which constituted a lawful contract.

■■ *Money Had and Received.* RPI brings a claim for money had and received, but that claim is one in "quasi contract [that] does not lie where, as here, there is a valid contract between the parties respecting the matter at issue." *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 940 (2d Cir.1998). Accordingly, we affirm the dismissal of the claim for money had and received.

■■ *Breach of Contract.* RPI challenges the district court's conclusion that RPI breached by unilaterally terminating the contract. RPI cites generic language contained in the "Commodity Description" section of the contract; however, the contract also contains a specific clause covering "Cancellation," which limits RPI's right to cancel to a failure by Varian to timely deliver.

"A written contract will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose." *Adams v. Suozzi*, 433 F.3d 220, 228 (2d Cir.2005) (quotations omitted). We conclude—as did the district court—that the clause specifically covering cancellation governs this dispute; RPI's right to cancel was therefore limited to a failure by Varian to timely deliver. Varian did not fail to timely deliver, so RPI's termination constituted a breach of the agreement.

■■ *Right To Reject and Rescind and Implied Warranty.* RPI contends that there are genuine issues of material fact as to: (1) whether it had the

right to reject the goods and rescind the contract under New York Uniform Commercial Code ("N.Y. U.C.C.") § 2–711; and (2) whether Varian breached the implied warranty of fitness for a particular purpose (N.Y. U.C.C. § 2–315). We reject both arguments. Section 2–711 covers those cases "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance." *Id.* § 2–711. None of those circumstances was present here: Varian had not yet delivered or repudiated, and RPI could not reject goods it had not yet received and had no justifiable basis to revoke. The district court also correctly concluded that RPI's rescission claim fared no better when viewed through the lens of N.Y. U.C.C. § 2–609. As to the implied warranty claim, Paragraph 5 of the contract expressly disclaims "all other express or implied warranties," and this Court has made clear that "a party cannot justifiably rely on a representation that is specifically disclaimed in an agreement," *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir.2003). These challenges are therefore rejected.

■ ■ *Damages.* Finally, RPI challenges the district court's determination on damages. "In an action for breach of contract, a plaintiff may seek two distinct categories of damages: (1) general or market damages; and (2) special or consequential damages." *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir.2000) (quotations omitted). "A plaintiff is seeking general damages when he tries to recover the value of the very performance promised." *Id.* (quotations omitted). " 'Special' or 'consequential' damages, on the other hand, seek to compensate a plaintiff for additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach." *Id.* at 176. As a general rule,

" 'special or consequential damages are not recoverable unless the party was on notice of those special damages at the time of contracting,' " *Jessica Howard Ltd. v. Norfolk S. Ry. Co.*, 316 F.3d 165, 170 (2d Cir.2003) (quoting *Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.*, 213 F.3d 1118, 1120 (9th Cir.2000)), and in this case the contract specified that "[i]n no event shall Varian or [RPI] be liable to the other … for incidental, consequential, indirect, punitive, or special loss or damages of any kind…."

Here, the system RPI ordered from Varian included as a component a 63–millimeter bore magnet which—along with other magnets dedicated for other Varian customers—was in production at the time of the breach. After RPI's breach, Varian attempted to reshuffle and resell the various magnets, and in the end was left with a 54–millimeter magnet. The district court awarded damages based on the value of that magnet. On appeal, RPI argues (among other things), that it was improper for the district court to base its damages award on a magnet that it never ordered, especially when Varian was apparently able to resell the magnet dedicated for RPI's system, and when special damages were excluded by the explicit terms of the contract.

If the magnet remaining in Varian's production stream were of the same size and kind required by the RPI system, we would have no trouble concluding that the damages were direct and affirming the award. However, the magnet remaining in Varian's production stream was of a size not ordered by RPI and not required by its system. Under those circumstances, we conclude that a genuine issue of material fact remains as to whether Varian's claimed damages were direct or special, and whether they were permissible under the contract. After the receipt of evi-

dence, a fact-finder may conclude that the damage award was proper, but the issue cannot be decided as a matter of law. Accordingly, we remand for a trial on damages only, including issues of mitigation and industry custom and practice.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is VACATED and the case REMANDED for further proceedings consistent with this order.